No. 15-1939

IN THE

# United States Court of Appeals for the Federal Circuit

**Southwestern Management, Inc.,**

*Appellant,*

– v. –

**Ocinomled, Ltd.**

**and**

**Emeril's Food of Love Productions, LLC,**

*Appellees.*

**On Appeal From a Decision of the Trademark Trial and Appeal Board in Concurrent Use Proceeding No. 94002242**

**APPELLANT'S MOTION FOR CLARIFICATION AND DIRECTION REGARDING THE PREPARATION OF THE APPENDIX**

Robert E. Purcell
The Law Office of Robert E. Purcell, PLLC
211 West Jefferson Street, Suite 24
Syracuse, NY 13202  315-671-0710

*Counsel for Appellant, Southwestern Management, Inc.*

Appellant, Southwestern Management, Inc. (hereinafter "Southwestern"), hereby moves for clarification and direction regarding the preparation of the appendix.

Two of the three parties' counsel have expressed confusion about what the appendix must include, and three Federal Circuit case managers have expressed conflicting views of what must be included in the appendix.

Southwestern's appeal brief is due Friday, October 23, 2015, which inherently is required to cite to supporting authority, either to material contained in the Appendix or to the record in the lower tribunal. Thus, Southwestern is in a dilemma about how to proceed. Moreover, if an Appendix is improperly prepared, there is always the threat that Southwestern will be accused of abdicating its responsibilities in connection with the instant appeal.

In a nut shell, Southwestern believes, based upon several readings of the applicable rules as well as direct conversations with two Federal Circuit case managers, the Appendix need contain only a copy of the docket sheet and the decision(s) being appealed, whereas counsel for one of the adversary parties believes that the appendix must include all portions of the record upon which any of the parties will rely in its briefs. To date, only one of Southwestern's two adversary parties has designated any portion of the record for inclusion in the appendix.

The dispute regarding the appendix is not minor or ministerial. If the appendix is required to contain copies of all evidence of record that any party anticipates as being relied upon in connection with the briefs, the volume of pages of the appendix will probably be at least two feet thick. Because a substantial amount of information in that documentation has been designated as confidential, a separate appendix eliminating the confidential information would need to be prepared, printed, and filed as well. The labor involved and the printing costs involved would be substantial. With twelve copies of each set of appendices to be filed with the court, two copies of each adversary counsel, and at least one copy to be retained by Southwestern, see CAFC Rule 30(a)(5) and (7), the size of the printed appendices would be about 30 feet high.

Southwestern seeks an order preferably declaring that the appendix need include only a copy of the docket sheet and the decision(s) being appealed, and that citations to the record below be made by reference to the docket number and page number, or with other specificity. As a less preferred alternative, Southwestern seeks an order declaring what portions of the record must be included in an appendix (including any elimination of materials that are extraneous and will not be relied upon in the briefs), and directing the nature of the parties' required review of all information designated as confidential to determine whether the same remains confidential, in view of this Court's admonition and issuance of sanctions

in connection with improper confidentiality designations in cases such as *In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011).

### Detailed Basis For The Instant Motion

The instant appeal relates to Southwestern's application for concurrent use registration of its trademark "DELMONICO'S". The application acknowledges that excepted users to the application are Ocinomled, Ltd. ("Ocinomled") and Emeril's Food of Love Productions, LLC ("Emeril's"). Ocinomled and Emeril's are independent parties each represented by independent counsel.

Southwestern's counsel read many times the applicable Federal Rules of Appellate Procedure as either maintained or modified by the Federal Circuit.

As an initial overview, CAFC Rule 30(a)(1) states "The purpose of this rule is to limit the size of the appendix of documentary materials that is printed and filed with the court." The relevant portion of F.R.App.P. 30(a)(1) as modified by the CAFC states "The appellant **must** prepare and file an appendix to the briefs containing:

> (A) the relevant docket entries in the proceeding below;
>
> (B) the relevant portions of the pleadings, charges, findings, opinion;
>
> (C) judgment, order, or decision in question; and
>
> (D) ~~other parts of the record to which the parties wish to direct the courts attention~~.

3

(interlineation in original). The CAFC's decision to strike subpart (D) suggests that the appendix should not include "other parts of the record to which the parties wish to direct the courts attention". Indeed, later in F.R.App.P. 30(a)(2), the CAFC left intact the provision: "Parts of the record may be relied on by the court or the parties even though not included in the appendix." Consistently with this approach, F.R.App.P. 28(e) states,

> [I]f the brief refers to an unreproduced part of the record, any reference must be to the page of the original document. For example:
> Answer p. 7;
> Motion for Judgment p. 2;
> Transcript p. 231.

Such permitted citations are not to the pages of an appendix, but rather, are to the record below.

CAFC Rule 30(a)(2)(a) is consistent with an interpretation of what the appendix **must** include, and omits any reference to a requirement regarding other parts of the record to which the parties wish to direct the court's attention or any parts of the record to be relied upon in the parties' respective briefs. CAFC Rule 30(a)(2)(B) is also not inconsistent, and states:

> Parts of the record authorized by Federal Rule of Appellate Procedure 30(a)(1)(D) must not be included in the appendix unless they are actually referenced in the briefs, but the parties are encouraged to include in the appendix sufficient surrounding transcript pages to provide context for a referenced transcript excerpt.

This rule does not mandate the inclusion of any material beyond a copy of the docket sheet or the decision(s) under review. Rather, it suggests that **if** parts of the record are included in the appendix, then the portion of the record included in the appendix must be pared so as not to include extraneous material upon which a party does not rely. *See also,* CAFC Rule 30(a)(2)(C). Moreover, the above-quoted rule specifically references F.R.App.P. 30(a)(1)(D) -- a portion of the rules the CAFC has stricken through interlineation, as set forth above -- which is an inexplicable or at least a confusing reference to something that has been eliminated.

Seeking more learned guidance, Southwestern contacted a case manager at the Federal Circuit and was informed that portions of the record to be relied upon by the parties in their briefs did not need to be included in the appendix, and that the appendix would not be rejected if it contained only the docket sheet and the decision(s) on review. Southwestern's counsel reported the discussion with adversary counsel.

Counsel for Emeril's then independently contacted a different case manager at the Federal Circuit who apparently gave directly contrary advice to the effect that the appendix must include all portions of the record that a party relies upon in its brief.

Southwestern's counsel then contacted a third case manager of the Federal Circuit, who said she "sided with the first case manager" and that the appendix did not need to contain portions of the record upon which a party would rely on in its briefs.  She explained that the clerk's office, as well as the judicial clerks and the judges, do not relish the handling of huge filings of paper, and that historically, if a judge desires an exploration of the record, a judge will ask his/her law clerk to find the material via electronic access to the lower tribunal's electronically stored record.  Thus, the Federal Circuit case managers appear to favor Southwestern's interpretation of the rules by a 2 to 1 vote.  This conversation too was reported to adversary counsel with a request that counsel for Emeril's reconsider her position regarding the materials to be included in the appendix.

By e-mail dated October 13, 2015, Emeril's counsel responded, "We disagree with Southwestern's interpretation of the rules that it is not required to include all portions of record below cited in its briefs."  Emeril's also revised its designation of materials to be included in the appendix, and recited 23 different items of materials, some of which included the entire transcripts of testimony depositions of witnesses.  To date, Ocinomled has not designated any portions of the record for inclusion in the appendix.

Litigation among the parties before the Trademark Trial and Appeal Board ("TTAB") was vigorously contested over about eight years.  But for the substantial

volume of portions of the record on which each of the three parties might rely in their briefs, the substantial labor and printing costs involved with preparing such a record, the extreme confusion among counsel and apparently among Federal Circuit case managers regarding the matter, and the complexities and expense of contending with substantial portions of the record that have been designated as confidential, Southwestern would readily and easily prepare the appendix as requested by either of the adversary parties. However, due to the foregoing factors, Southwestern requests clarification and direction from this Court as to the content of the appendix.

## Request For Relief

Southwestern requests an order to the effect that the appendix need not include portions of the record below cited in the parties' briefs, but must contain a copy of the docket and a copy of the decision(s) to be reviewed on appeal. As a less preferred alternative, if this Court should require the appendix to include such portions of the record, then Southwestern requests leave for Southwestern and also for Ocinomled to present additional designations of the appendix within 10 days of the date of the order. If this Court should determine that a party may compel such portion of the record to be included in the appendix, regardless of whether the material is required to be in the appendix, then Southwestern requests further guidance under F.R.App.P. 30(b)(2) ("sanctions against attorneys who

unreasonably and vexatiously increase litigation costs by including **unnecessary** material in the appendix." (emphasis added.)) regarding the costs associated with preparing the appendix, including not only the printer's costs, but also counsel's time involved in preparing those portions of the appendix.

### Ministerial Matters

In accordance with CAFC Rule 27(a)(5), Southwestern has requested whether Ocinomled or Emeril's will consent to or oppose the instant motion. The responses from Ocinomled and Emeril's are convoluted, but should be interpreted as oppositions. Rather than try to summarize those parties' respective positions, Southwestern has attached hereto e-mail correspondence dated October 15, 2015 that sets forth their respective replies to Southwestern's request for consent.

Southwestern has also attached its certificate of interest in accordance with CAFC Rule 27(a)(7).

Although Southwestern believes that the facts set forth in connection with this motion are not subject to dispute, Southwestern has also attached a supporting Declaration of Robert E. Purcell to the effect that the facts set forth are believed to be true to the best of his knowledge and belief.

Dated: October 16, 2015                    Respectfully submitted,

/s/ Robert E. Purcell
Robert E. Purcell
Counsel for Southwestern Management, Inc.

THE LAW OFFICE OF ROBERT E. PURCELL, PLLC<br>
211 West Jefferson Street, Suite 24<br>
Syracuse, New York 13202<br>
Tel: (315) 671-0710<br>
Fax: (315) 671-0711

# **CERTIFICATE OF INTEREST**

Consistent with Federal Rule of Appellate Procedure 26.1 and Federal Circuit Rule 47.4, counsel for Southwestern Management, Inc. certifies the following:

1. The full name of every party or amicus represented by me is:

Southwestern Management, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

The real party in interest is the same as the party represented by me.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Southwestern Management, Inc. is a privately-held company. There are no parent corporations or any publicly-held companies that own 10 percent or more of the stock of Southwestern Management, Inc.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

The Law Office of Robert E. Purcell, PLLC: Robert E. Purcell

Dated:  October 16, 2015          /s/ Robert E. Purcell
                                  Robert E. Purcell
                                  *Counsel for Appellant*
                                  *Southwestern Management, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing, **APPELLANT'S MOTION FOR CLARIFICATION AND DIRECTION REGARDING THE PREPARATION OF THE APPENDIX**, was served via e-mail and via first class mail on October 16, 2015, in its entirety on the individuals listed below:

> Deborah K. Squiers
> Cowan, Liebowitz & Latman, P.C.
> 1133 Avenue of the Americas
> New York, New York 10036-6799
> dks@cll.com
>
> and
>
> Dickerson M. Downing
> Law Offices of Dickerson M. Downing LLC
> 243 Tresser Boulevard, Floor 17
> Stamford, Connecticut 06901
> ddowning@downingip.com

>> /s/ Robert E. Purcell
>> Robert E. Purcell
>> Counsel for Southwestern Management, Inc.
>> THE LAW OFFICE OF ROBERT E. PURCELL, PLLC
>> 211 West Jefferson Street, Suite 24
>> Syracuse, New York 13202
>> Tel: (315) 671-0710
>> Fax: (315) 671-0711